```
UNITED STATES DISTRICT COURT
  DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| James Bernard Lee, <br> *aka* James Benard Lee, <br>     Plaintiff, <br> vs. <br> Spinx Company, Inc.; Pamela Jean Jumper, Employee, <br>     Defendants. | C/A No. 6:12-785-TMC-KFM <br><br> **REPORT AND RECOMMENDATION** |

    Plaintiff James Bernard Lee ("Plaintiff"), proceeding *pro se*, brings this action claiming false arrest by a corporation and company employee, who filed an alleged false police report. Plaintiff is currently incarcerated at the Greenville County Detention Center and is proceeding *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, this report concludes that this case should be summarily dismissed for lack of jurisdiction.

## STANDARD OF REVIEW

    Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) DSC, this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Additionally, the *in forma pauperis* statute authorizes the district court "to dismiss the case at any time" if it is satisfied that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i-iii).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**BACKGROUND**

The Complaint, dated March 8, 2012, claims "false arrest/making false police report by Spinx employee Pamela Jean Jumper" and names as defendants Spinx Company, Inc., as well as Pamela Jumper. ECF No. 1 at 2. Plaintiff previously filed an action in this court against Defendant Jumper for false imprisonment based on the same allegations of filing a false police report for the same incident at a Spinx convenience store. *Lee v. Jumper*, C/A No. 6:12-394-TMC-KFM (D.S.C.). At the time Plaintiff filed the Complaint in the current case, Plaintiff's prior case was pending, with a report recommending dismissal for lack of jurisdiction issued on February 21, 2012. The addition of the corporate defendant in the current case does not provide this court with jurisdiction, so this case is subject to dismissal for lack of jurisdiction as was Plaintiff's prior case. Plaintiff's prior case against Defendant Jumper was dismissed without prejudice on April

2, 2012. *Id.*

## DISCUSSION

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Bulldog Trucking,* 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley,* 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.* The Complaint's allegations in this case do not fall within the scope of either federal question or diversity jurisdiction, and no other basis for federal jurisdiction is evident on the face of the pleading.

The court's original jurisdiction based on diversity of citizenship requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332(a). Complete diversity of parties in a

3

case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). The Complaint indicates that all parties are residents of South Carolina; thus, this court does not have diversity jurisdiction under 28 U.S.C. § 1332 in this case.

The Complaint's allegations also fail to provide original jurisdiction as a federal question "arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Complaint is brought against a private citizen and corporation claiming false arrest based on the allegations that the Defendants provided a false police report. Plaintiff's allegations do not contain any reference to violation of a federal statute, treaty, or constitutional provision by Defendants, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint. The Defendants are "merely private citizens filing a police report," which is not an arrest and does not establish the deprivation of a federal right. *See Anisimov v. Hospitality Partners, LLC,* 2010 WL 723755, at *2 (D.Md. Feb. 24, 2010); *see also Floyd v. Gardner*, 2010 WL 1433098, at *5 (D.S.C. April 8, 2010) (police report isn't seizure; and although Fourth Amendment forbids seizure of a person by the government, it is inapplicable to action by a private citizen acting in a private capacity). Even if the Complaint were liberally construed as attempting to claim violation of a constitutional right by the private Defendants, it does not establish federal question jurisdiction because the Complaint is devoid of allegations that attribute any of the Defendants' actions to state action. Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g.*, *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). A civil rights action brought

4

pursuant to 42 U.S.C. § 1983 requires deprivation of a federal right by a person acting under the "color of state law." 28 U.S.C. § 1983; *see Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Complaint contains no allegations that the Defendants acted under color of state law or were in any way engaged in state action. *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) (A private entity acts under color of state law only where the private entity is a willful participant in joint action with the state or with an agent of the state.). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 for violation of a federal right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982).

The Complaint fails to establish a valid basis for jurisdiction, either in diversity or federal question, so this case must be summarily dismissed. Fed. R. Civ. P. 12(h)(3).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint for lack of jurisdiction in this case *without prejudice* and without service on the Defendants.

s/ Kevin F. McDonald
United States Magistrate Judge

April 11, 2012
Greenville, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).